

Matthew Jacobs

(805) 601-7504 · www.jacobslawfirm.com · matt@jacobslawfirm.com
5743 Corsa Avenue, Suite 208, Westlake Village, CA 91362

July 28, 2025

The Hon. James R. Cho
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

**Via ECF**

Re:     *United States v. Joseph Neumeyer,* Case No. 1:25-MJ-195-PK
        **Unopposed Motion to Determine Competency of Defendant Pursuant to 18 U.S.C. § 4241(a)-(b)**

Dear Judge Cho:

      We are counsel to defendant Joseph Neumeyer in the above-captioned matter. Pursuant to 18 U.S.C. § 4241(a)-(b), we respectfully file this motion requesting that the Court order a psychiatric evaluation of Mr. Neumyer followed by a hearing to determine Mr. Neumeyer's competency. The Government does not object to this request.

      On May 25, 2025, the Court unsealed a complaint charging Mr. Neumeyer with violating 18 U.S.C. § 844(f)(1), arraigned Mr. Neumeyer on the complaint, and entered an order of detention. ECF 1, 3, 4. On joint application of the parties, the Court subsequently ordered time excluded through September 8, 2025. ECF 14, 15.

      Section 4241(a) provides that,

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion . . . if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a).

      Since Mr. Neumeyer's May 25, 2025, arraignment, defense counsel have met in-person with Mr. Neumeyer at the Metropolitan Detention Center in Brooklyn ("MDC") on numerous occasions. In addition, Dr. Mark Mills, J.D., M.D.—a certified and licensed psychiatrist retained by the defense—has met with and evaluated Mr. Neumeyer twice in-person at MDC.

Hon. James R. Cho
July 28, 2025
Page 2 of 3

      These interactions have led defense counsel to conclude that there is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id; see, e.g., United States ex rel. Roth v. Zelker,* 455 F.2d 1105, 1108 (2d Cir. 1972) ("The opinion of a defendant's attorney as to his ability to understand the nature of the proceedings and to cooperate in the preparation of his defense, is indeed significant and probative."). Defense counsel's discussions with Dr. Mills have only reinforced this belief. If the Court requires additional information substantiating this conclusion, defense counsel is prepared to submit a supplemental letter under seal and *ex parte*.

      Section 4241(b) provides that,

> Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c).

18 U.S.C. § 4241(b). Section 4247(b), in turn, provides that,

> A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner. Each examiner shall be designated by the court . . . .

18 U.S.C. § 4247(b); *see also* 18 U.S.C. 4247(c) (setting forth the required content of a psychiatric report).

      The defense therefore respectfully requests that the Court order an evaluation and report by a psychologist or psychiatrist to determine whether the defendant is "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4247(c)(4)(A). Following such a report, the defense requests that the Court order a competency hearing to determine the defendant's mental condition and ability to proceed to trial. *Id.* § 4247(d). The government does not object to this request.

      In light of this motion, the defense requests that the Court enter an order excluding time within which an information or indictment must be filed, *see* 18 U.S.C. § 3161(h)(1)(D) (excluding periods of delay resulting from the filing of motions), as well as the time necessary to complete the competency proceedings the defenses requests, *see* 18 U.S.C. § 3161(h)(1)(A) (excluding periods of delay resulting from any proceedings, including examinations, to determine mental competency of a defendant). The Government consents to the exclusion of time.



Hon. James R. Cho
July 28, 2025
Page 3 of 3

      Finally, defense counsel advises the Court that Mr. Neumeyer has sought to terminate defense counsel, while indicating a desire to represent himself. At Mr. Neumeyer's request, and consistent with defense counsel's ethical obligations, defense counsel will concurrently file a termination motion on behalf of Mr. Neumeyer. Nevertheless, defense counsel's position is that consideration of any motion concerning Mr. Neumeyer's representation should be deferred pending adjudication of his competency.

      Courts in the Second Circuit have held that it is first necessary to determine whether a defendant is competent to stand trial before considering a defendant's motion to terminate counsel. For example, in *United States v. Purnett*, the Second Circuit explained "[t]hese conflicting constitutional concerns may be accommodated if a trial court refuses to accept a waiver of the right to counsel until it is satisfied that the defendant fully understands the consequences of such an election and is competent to make it." 910 F.2d 51, 52 (2d Cir. 1990) (reversing conviction because "the district court in the case at hand allowed defendant to discharge his appointed counsel before a hearing to determine his competency to stand trial."); *see also, e.g., United States v. Rendsland*, Nos. 11–MJ–658, 12–MR–6001L, 2012 WL 2155295, *2 (W.D.N.Y. June 1, 2012) (recommending incompetent defendant's "motion to discharge his assigned counsel be denied without prejudice to renew upon a finding that he has regained competency to stand trial.").

      A proposed order is enclosed. The defense thanks the Court for its consideration of this motion.

Dated: July 28, 2025

Respectfully submitted,

*/s/ Matthew Jacobs*

Matthew Jacobs (SBN: 331916)
The Jacobs Law Firm, PC
5743 Corsa Avenue, Suite 208
Westlake Village, CA 91362
Phone: (805) 601-7504
Email: matt@jacobslawfirm.com

*/s/ Robert L. Barlow*

Robert L. Barlow
Garnett Powell Maximon Barlow & Farbes
1125 17th Street, Suite 2200
Denver, Colorado 80202
Email: rob.barlow@garnettlegalgroup.com
Phone: 303.991.3344

Enc:    [Proposed] Order



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA          [PROPOSED] O R D E R

   - against -                                           No. 25-MJ-195

JOSEPH NEUMEYER,

       Defendant.

– – – – – – – – – – – – – – – – –X

Upon application of the parties, for an order requiring that a psychiatric and/or psychological examination be conducted on the defendant JOSEPH NEUMEYER, pursuant to Title 18, United States Code, Section 4241, it is HEREBY:

ORDERED, pursuant to Title 18, United States Code, Section 4241, that the Bureau of Prisons ("BOP") shall have a licensed or certified psychiatrist and/or psychologist conduct a psychiatric and/or psychological examination of the defendant and prepare and file a report with the Court and provide copies of the report to the defendant and to the attorney for the Government;

IT IS FURTHER ORDERED that the BOP transfer the defendant to an appropriate BOP forensic study site with the first available space for the defendant;

IT IS FURTHER ORDERED that the BOP complete the evaluation of the defendant within 30 days of the defendant's transfer to a suitable BOP facility;

IT IS FURTHER ORDERED that the BOP report the results of its psychiatric or psychological evaluation to the Court within a reasonable period of time following the conclusion of the evaluation;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3161(h)(1)(D), that the time period within which an information or indictment must be filed shall be excluded from the date of the filing of the Motion through the conclusion of the hearing on, or other prompt disposition of, the Motion;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3161(h)(1)(A), that the time period within which an information or indictment must be filed, shall be excluded based on any delay resulting from any proceeding, including any examinations, to determine the mental competency of defendant JOSEPH NEUMEYER; and

IT IS FURTHER ORDERED that the Clerk of the Court serve a copy of this Order upon the United States Marshal's Service for the Eastern District of New York and the BOP.

SO ORDERED.

Dated:   Brooklyn, New York
         July 28, 2025

*James R. Cho*
_____
THE HONORABLE JAMES R. CHO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK